# WHEELING.

## STATE OF WEST VIRGINIA *v.* THOMPSON.

Submitted June 16, 1882—Decided July 8, 1882.

The words "spirituous liquors or wine," as used in the 4th section of chapter 107, Acts of 1877, do not embrace *beer;* and therefore a druggist either with or without a proper prescription therefor is not authorized by said section to sell lager beer; but to do so, he must have a State license as provided under the 1st section of said act.

Writ of error to a judgment of the circuit court of the county of Barbour rendered on the 6th day of May, 1880, in an action in said court then pending, wherein the State of West Virginia was plaintiff, and John P. Thompson was defendant, allowed upon the petition of said Thompson.

Hon. John Brannon, judge of the sixth judicial circuit, rendered the judgment complained of.

The facts of the case fully appear in the opinion of the Court.

*Thomas A. Bradford* for plaintiff in error.

*Attorney-General Watts* for the State:

1. If a demurrer be general to the whole indictment, one good count will prevent a general judgment for the defendant. Wharton's Crim. Pl. & Pr. (8th ed.) sec. 401; *Ingram* v. *The State,* 39 Ala. 247.

2. If one count of an indictment be good, a general verdict of guilty is sufficient though the rest of the counts be bad; and the prisoner may be convicted, if the indictment contain one good count, although the jury do not find their verdict on that count. 2 Arch. Crim. Pr. & Pl. 74; 23 Gratt. 972.

3. A druggist cannot sell *beer* without a State license therefor, either as a medicine or otherwise, with or without the prescription of a physician. Acts 1877, ch. 107, sec. 4.

SNYDER, JUDGE, announced the opinion of the Court:

John P. Thompson was on the 6th day of November, 1879, indicted in the circuit court of Barbour county. The indictment contains two counts. The first is for a violation of the fourth section of chapter 107, Acts of 1877, and is as follows:

"That John P. Thompson, on the — day of ———— 18—, within one year next preceding this finding, at his place of business in the town of Philippi, in said county, and who was then and there duly licensed to carry on the business of a druggist in said town of Philippi, did unlawfully, and without having a State license therefor, sell at retail, in quantities less than five gallons, spirituous liquors and wine to one Granville A. Grant, the said spirituous liquors and wine so sold as aforesaid by the said druggist aforesaid to the said Granville A. Grant not having been sold for medicinal purposes in good faith, nor sold upon the written prescription of a practicing physician in good standing in his profession and not of intemperate habits, specifying the name of the person to whom, and the kind and quantity of such liquors to be furnished, and stating that such liquors so prescribed were absolutely necessary as a medicine and not as a beverage for such person and against the statute in such case made

and provided, and against the peace and dignity of the State."

The second count is for a violation of the first section of said act and is in the usual form.

At a term of said court held on the 5th day of May, 1880, the defendant moved the court to quash said indictment "for defects apparent on the face thereof, which motion the court overruled." The defendant then entered the plea of not guilty, on which issue was joined; and the case was tried by a jury, who found the defendant guilty and fixed his fine at ten dollars; and the court gave judgment against the defendant for said fine and costs.

The defendant took a bill of exceptions, which shows, that during the trial the State "introduced Granville A. Grant as a witness, who testified, that he had bought lager beer from the defendant under the advice of two different physicians. The defendant then asked the said Grant, if he had a prescription for said beer; and he said he had one from Dr. John W. Bosworth, who was a regular practicing physician, which said prescription is in the words and figures following: 'G. A. Grant, lager beer oz. viii daily as a tonic, not as a beverage, and necessary.

'June 1, 1879.                    'J. W. BOSWORTH, M. D.'

The defendant then offered this prescription in evidence to the jury; but to the reading thereof the prosecuting attorney objected and the court sustained said objection and excluded said prescription from the jury," and the defendant excepted.

The defendant on his petition was granted a writ of error to this Court from the aforesaid judgment.

The plaintiff in error assigns two grounds of error:

"*First*—The court ought to have quashed the indictment.

"*Second*—The court erred in not permitting said prescription to go in evidence to the jury."

1—No defect in the indictment has been pointed out by the defendant, or any reason assigned, why it should have been quashed; and this Court has discovered none. The first count might have been much more brief and concise; but the redundant matter does not render it insufficient; the motion to quash was therefore properly overruled.

2—Did the court err in excluding said prescription from the jury? The second is simply a general count under the first section of the statute, averring, that the defendant without a State license therefor unlawfully sold spirituous liquors, wine, porter, ale, beer, &c. When the prosecution proved, that the defendant sold *beer* then under this count, the only evidence which could relieve the defendant would be the production of a State-license authorizing the sale; and certainly a prescription for beer would be no defense under this count.

Was the said prescription admissible under the first count of the indictment, which is drawn under the fourth section of the statute and avers, that the defendant was a duly licensed druggist? The said fourth section of the statue, so far as it is material to state it for this case, is as follows:

"4. This chapter shall not be construed to require license to keep a boarding house, &c. * * * or to require any person having license to sell spirituous liquors or wine at retail to obtain another license to sell porter, ale or beer, or any drink of a like nature, at the same place; or to prohibit a druggist from selling, without license, *spirituous liquors or wine*, in good faith, for medicinal purposes, &c. * * * If any druggist shall sell spirituous liquors or wine, unless for medicinal purposes * * * he shall, for each and every offense, be fined not less than twenty nor more than one hundred dollars. And in any prosecution against a druggist for selling alcohol, spirituous liquors or wine, without a license therefor, if the sale be proved, it shall be presumed that the sale was unlawful in the absence of satisfactory proof to the contrary. No sale of alcohol, except for mechanical purposes, spirituous liquors or wine shall be made by any druggist under the provisions of this section, except upon the written prescription of a practicing physician * * * specifying the name of the person and the kind and quantity of such liquors to be furnished him, and stating that such liquors, so prescribed, are absolutely necessary as a medicine, and not as a beverage, for such person," &c.

This section authorizes a druggist without a State-license therefor to sell in good faith upon the prescription of a practicing physician "spirituous liquors or wine." The first sec-

tion is general in its terms and declares, that "no person without a State-license therefor shall * * * sell, offer or expose for sale spirituous liquors, wine, porter, ale or beer or any drinks of a like nature." The fourth section in the case of druggists excepts from the prohibition of said first section the sale of "spirituous liquors or wine" for medicinal purposes. The prescription offered in evidence and rejected is for "lager beer." The question to be decided then is, whether the words "spirituous liquors or wine" include *lager beer* within the intent and meaning of the Legislature? If lager beer is embraced by said words then the court erred in rejecting the prescription under the first count; and if not so intended, then the court properly excluded it from the jury.

The phrase "spirituous liquors" in its ordinary sense means liquors composed in part or fully of alcohol produced by distillation as distinguished from fermented and malt liquors, and in this sense it never includes porter, ale, beer or wine. So, also, if we take the statute and the precise language used therein, it becomes apparent, that the Legislature did not intend, that the terms "spirituous liquors or wine" should include "porter, ale or beer." The first section uses all of these terms while the fourth section uses the first only. For the distilled liquors it uses the general term "spirituous liquors;" and because this term would exclude 'wine, which is intended to be included, wine is specifically mentioned, but the words "porter, ale or beer" are carefully omitted. The liquors, which a druggist may sell under said fourth section, are mentioned therein six different times; and they are always described as "spirituous liquors or wine;"' and in no instance whatever are the words "porter, ale or beer" used. This manifests a studied caution, which proves, that the language was used advisedly and with a clear intention to exclude the latter by the use of the former words.

This construction is made still more plain by that provision of said section, which declares, that it shall not be construed "to require any person having a license to sell *spirituous liquors or wine* at retail to obtain another license to sell *porter, ale or beer*," &c. Here the liquors are put in two distinct classes—the one consisting of "spirituous liquors and

wine" and the other of "porter, ale and beer." If it was intended, that a license to sell spirituous liquors or wine should include the right to sell porter, ale and beer, then this provision is useless and has no effect whatever. By using the words "porter, ale or beer," in the general prohibition in the first section and then carefully omitting them from the exceptions in the fourth section, necessarily a clear legislative intent and purpose is shown not to embrace those liquors or beverages among those excepted by the said fourth section.

Consequently, upon any view or proper construction of the statute we are fully of opinion, that a druggist could not sell beer without having a State-license, as prescribed by the first section of the statute, and that the circuit court did not err in excluding from the jury the prescription offered in evidence by the defendant. It is, therefore, considered that the judgment of the said court be affirmed.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.

———

# CHARLESTOWN.

